People v Vazquez (2018 NY Slip Op 01657)





People v Vazquez


2018 NY Slip Op 01657


Decided on March 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2018

Manzanet-Daniels, J.P., Tom, Mazzarelli, Webber, Kern, JJ.


6011 1247/08

[*1]The People of the State of New York, Respondent,
v
Anibal Vazquez, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Stephen R. Strother of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Brent Ferguson of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered January 21, 2009, convicting defendant, after a jury trial, of sexual abuse in the first degree (six counts), and endangering the welfare of a child, and sentencing him to an aggregate term of seven years, unanimously affirmed.
The court properly denied defendant's motion to suppress photographs obtained from his cell phone, which was initially searched without a warrant upon defendant's arrest, and then searched pursuant to a warrant. The police already had probable cause to search defendant's cell phone based on an independent source, in that the victim told the police that defendant had shown her sexually explicit photographs in the course of his sexual abuse, and this was the basis for the warrant. The evidence does not support a conclusion that the police conducted an "unlawful confirmatory search" (People v Burr , 70 NY2d 354, 362 [1987], cert denied 485 US 989 [1988]) to confirm the victim's information before applying for a warrant. Under these circumstances, it cannot be said that the "the prosecution has somehow exploited or benefited from its illegal conduct" so as to taint the evidence retrieved pursuant to the warrant (Burr , 70 NY2d at 362; see also People v Arnau , 58 NY2d 27, 32 [1982]). Furthermore, defendant gave written permission to the police to search his phone before they applied for the warrant.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 15, 2018
CLERK